IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT STEVEN REIDY,<br><br>Defendant. | CR 13–71–BLG–DWM-CSO<br><br>ORDER |

Defendant Scott Steven Reidy moves to suppress evidence that the United States obtained in a search of his vehicle. Magistrate Judge Carolyn Ostby recommends denying the motion. (Doc. 27). Because the parties are familiar with the facts, they are restated here only when necessary to explain the Court's decision.

The parties are entitled to de novo review of the specified findings or recommendations to which they timely object.[1] 28 U.S.C. § 636(b)(1). The

---

[1] Although the deadline for objections in this case was October 15, 2013, the docket initially reflected a deadline of October 16, 2013. As Reidy filed his objections on the 16th, they are treated as timely.

portions of Judge Ostby's Findings and Recommendation not specifically objected to are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mack, Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Reidy raises three objections to Judge Ostby's Finding and Recommendation, contending: (1) the initial traffic stop was not supported by reasonable suspicion, (2) the vehicle could not have been stopped under the collective knowledge doctrine, and (3) Deputy Smith unreasonably prolonged the initial traffic stop. Reidy's objections are without merit.

I.

Judge Ostby determined that the initial traffic stop was supported by Deputy Smith's reasonable suspicion of a vehicle equipment violation. "[R]easonable suspicion exists when an officer is aware of specific, articulable facts which, when considered with objective and reasonable inferences, form a basis for particularized suspicion." *United States v. Valdes-Vega*, 685 F.3d 1138, 1143 (9th Cir. 2012) (quoting *United States v. Montero-Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (emphasis removed). "This process allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." *United States v. Arvizu*, 534 U.S. 266, 273 (2002). In

determining whether a traffic stop is supported by reasonable suspicion, courts must consider the totality of the circumstances. *Id.*

Here, the Montana statute in question requires a license plate be illuminated and legible from 50 feet away. *See* Mont. Code Ann. § 61-9-204(3) (2011). During the hearing before Judge Ostby, Deputy Smith and Detective Robinson both testified that when they observed the Tahoe traveling eastward on Interstate 90, they did not see any license plate lights and could not read the plate at 50 feet. Although Reidy presented evidence that the lights were working at the time, the evidence provided does nothing to controvert the officers' sworn testimony that the license plate was not legible from 50 feet, a requirement under the statute. *See id.* Accordingly, the initial traffic stop was supported by reasonable suspicion that the Tahoe was being operated in violation of Montana law.

II.

Reidy also objects to Judge Ostby's finding that the vehicle could have been stopped under the collective knowledge doctrine. Having found that reasonable suspicion existed for the traffic violation in the first instance it is unnecessary to disagree with Judge Ostby's application of the collective knowledge doctrine, as the first issue is dispositive.

III.

Reidy's final objection regards Judge Ostby's finding that Deputy Smith did not unreasonably prolong the initial traffic stop. "[A] search which is reasonable at its inception may violate the Fourth Amendment by virtue of its intolerable intensity and scope" and the "scope of the search must be strictly tied to and justified by the circumstances which rendered its initiation permissible." *Terry v. Ohio*, 392 U.S. 1, 19 (1968) (internal quotation omitted). As discussed by Judge Ostby, an officer conducting a lawful traffic stop is free to question the individual about subjects unrelated to that stop as long as such questioning does not extend the duration of the stop. *See United States v. Turvin*, 517 F.3d 1097, 1102 (9th Cir. 2008). Law enforcement is also free to deploy well-trained narcotics-detecting canines during a lawful traffic stop without reasonable suspicion. *Ill. v. Caballes*, 543 U.S. 405, 409 (2005). The timeframe of this stop demonstrates it was not unreasonable prolonged.

After Reidy was pulled over, Deputy Smith talked with him at Reidy's vehicle for approximately 2 minutes. Deputy Smith then spent approximately 5 minutes talking to the surveillance team. Approximately 7 minutes into the stop, Reidy refused to consent to a search. Less than 11 minutes after Reidy was first seized, the canine alerted to the presence of drugs. As noted by Judge Osbty, in

4

*Turvin*, the Ninth Circuit held that a traffic stop lasting 14 minutes was no longer than an ordinary traffic stop. 517 F.3d at 1101. Even if Reidy is correct in asserting that the dog's alert was "weak," this does not impact the reasonableness of the duration of the stop. The stop took less than 12 minutes, placing it within the length of time of an ordinary traffic stop according to the Ninth Circuit.

The Court finds no clear error in the remaining portions of Judge Ostby's Findings and Recommendation.

Based on the foregoing, IT IS ORDERED that Magistrate Judge Ostby's Findings and Recommendation are ADOPTED. (Doc. 27.)

IT IS FURTHER ORDERED that Scott Steven Reidy's motion to suppress (Doc. 14) is DENIED.

Dated this 18th day of October, 2013.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT